**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3235-22

THE ALLIANCE FOR
SUSTAINABLE COMMUNITIES
and KENNETH MAYBERG,

     Plaintiffs-Appellants,

v.

ROBBINSVILLE TOWNSHIP
ZONING BOARD OF
ADJUSTMENT and JOHNSON
DEVELOPMENT ASSOCIATES,
INC.,

     Defendants-Respondents.

_____

Argued February 12, 2025 – Decided March 3, 2025

Before Judges Mayer, Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2035-22.

C. Michael Gan argued the cause for appellants (Lieberman Blecher & Sinkevich, PC, attorneys; Stuart J. Lieberman, of counsel and on the brief; C. Michael Gan and Noah Botwinick, on the briefs).

Michael W. Herbert argued the cause for respondent Robbinsville Township Zoning Board of Adjustment (Parker McCay, PA, attorneys; Michael W. Herbert, of counsel and on the brief; Alena Hyatt and John C. Lowenberg, on the brief).

Niall J. O'Brien argued the cause for respondent Johnson Development Associates, Inc. (Archer & Greiner, PC, attorneys; Jamie A. Slimm and Niall J. O'Brien, on the brief).

PER CURIAM

Plaintiffs The Alliance for Sustainable Communities and Kenneth Mayberg (collectively, Alliance) appeal from a May 26, 2023 order dismissing with prejudice their complaint in lieu of prerogative writs against defendants Robbinsville Zoning Board of Adjustment (Board) and Johnson Development Associates, Inc. (Johnson). We affirm substantially for the reasons stated in Judge Robert Lougy's cogent findings of fact and conclusions of law attached to the May 26 order.

This is not the first litigation concerning the proposed development of warehouses and other structures on property located in Robbinsville (Project). As such, we presume the parties are familiar with the facts and the decisions rendered in connection with those prior legal actions. For purposes of this appeal, a brief summary of the facts will suffice.

2

Johnson applied to the Board for development approvals required for the Project. Johnson asked the Board to bifurcate its development application. The Board first considered Johnson's use variance application. After conducting public hearings, the Board granted the use variance. Alliance filed a complaint challenging the Board's approval of Johnson's use variance. The trial court upheld the variance approval, and we affirmed. The Alliance for Sustainable Communities v. Robbinsville Twp. Zoning Bd., No. A-2509-21 (App. Div. July 25, 2024).

Johnson subsequently applied to the Board for subdivision and site plan approval. It requested the Board bifurcate the subdivision and site plan aspects of its application. In its application for subdivision approval, Johnson sought to subdivide the property to create two new lots. Johnson planned to construct a warehouse on each new lot. An existing office structure would remain on the third lot.

Johnson's application to the Board included all documents necessary for subdivision and site plan review. The application specifically included an environmental impact assessment (EIA) and other reports, such as a traffic study, stormwater management report, architectural plans, and habitat suitability

assessment.  The Board's professionals deemed Johnson's application complete, and the Board scheduled the matter for a public hearing.

On November 1, 2022, the date of the public hearing on Johnson's development application, the Board announced it was adjourning the site plan aspects of the application to December 6, 2022.  The Board's attorney advised members of the public, including individuals affiliated with Alliance and counsel for Alliance, the Board would first consider Johnson's requested subdivision approval and then consider site plan approval on December 6.

At the November 1 hearing, the Board's attorney explained the subdivision involved the drawing of lines on a map to create three lots from a single large lot.  He further stated the subdivision application did not involve the development aspects of the Project, such as roadways, detention basins, impervious coverage, and other construction details.

The Board heard testimony from Johnson's engineering and planning experts in support of the subdivision application.  The Board members then cross-examined Johnson's experts.  Counsel for Alliance and members of the public spoke in opposition to the subdivision approval.  However, Alliance proffered no expert testimony in opposition to the subdivision application.

Despite having an opportunity to cross-examine Johnson's witnesses, Alliance's counsel did not do so.

At the conclusion of the hearing on November 1, 2022, the Board voted to approve Johnson's subdivision application. The Board's attorney reiterated that issues related to wetlands, roadways, and environmental impacts would be addressed at the future site plan hearing.

In its December 13, 2022 resolution memorializing the subdivision approval, the Board indicated it reviewed Johnson's complete application. The resolution specifically stated the approved subdivision did not adversely affect the public's health, safety, or welfare.

Alliance filed a complaint in lieu of prerogative writs related to the Board's approval of Johnson's subdivision application. In its complaint, Alliance argued the Board's approval was arbitrary, capricious, and unreasonable. It claimed the Board did not comply with Robbinsville ordinances requiring subdivision applicants to present certain testimony and submit certain documents, including an EIA. Further, Alliance asserted the Board failed to affirmatively determine the approved subdivision would not harm the environment.

Judge Lougy held a trial on Alliance's prerogative writs action on May 23, 2023. In an eleven-page written decision setting forth his fact findings and legal conclusions, Judge Lougy found the Board's approval of Johnson's subdivision application was not arbitrary, capricious, or unreasonable. He determined the Board considered Johnson's EIA and other reports in accordance with Robbinsville ordinances. He also concluded the subdivision had no adverse effect on the public health, safety, or welfare because the subdivision simply created "different dotted lines, reflecting the subdivision's new lots." As Judge Lougy wrote, "the line-drawing itself ha[d] no environmental impact, one way or the other." Based on these findings and conclusions, Judge Lougy dismissed Alliance's action with prejudice.

On appeal, Alliance renews the same arguments presented to Judge Lougy. We reject Alliance's arguments for the well-stated reasons expressed by Judge Lougy. We add only the following comments.

When reviewing "an appeal of a trial court's review of a municipal board's action, we are bound by the same standard as the trial court." Cohen v. Bd. of Adjustment of Rumson, 396 N.J. Super. 608, 614-15 (App. Div. 2007). Our review of a municipal board's action "is limited." Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998).

6

Because zoning boards have "peculiar knowledge of local conditions," their decisions are afforded substantial deference.  Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965).  Zoning board decisions "enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion."  Price v. Himeji, LLC, 214 N.J. 263, 284 (2013).  The party attacking a zoning board's action has the burden of overcoming the presumption of validity.  N.Y. SMSA Ltd. P'ship v. Bd. of Adjustment of Bernards, 324 N.J. Super. 149, 163 (App. Div. 1999).

"A local zoning determination will be set aside only when it is arbitrary, capricious or unreasonable."  Kramer, 45 N.J. at 296.  Judicial review is limited to whether a "[zoning] board's decision comports with the statutory criteria and is founded on adequate evidence."  Burbridge v. Governing Body of Mine Hill, 117 N.J. 376, 385 (1990).  If the zoning board followed the statutory criteria and there is adequate "support in the record, approval will not be deemed arbitrary or capricious."  Ibid.

Further, the Municipal Land Use Law gives interested parties a "right of cross-examination" at zoning board hearings, "subject to the discretion of the presiding officer and to reasonable limitations as to time and number of

7

witnesses." N.J.S.A. 40:55D-10(d).  A zoning board "may exclude irrelevant, immaterial or unduly repetitious evidence."  N.J.S.A. 40:55D-10(e).

A zoning board's decision to limit testimony on irrelevant matters is entitled to deference.  "[I]t is well established that a planning [or zoning] board has broad discretion in conducting its hearings, provided that any applicable statutory requirements are observed."  Concerned Citizens of Princeton, Inc. v. Mayor & Council of Princeton, 370 N.J. Super. 429, 463 (App. Div. 2004) (quoting Lyons v. City of Camden, 48 N.J. 524, 530 (1967)).

Alliance contends the Board prohibited the introduction of countervailing expert testimony and precluded cross-examination of Johnson's experts. Alliance's claim is belied by the record.

Alliance's counsel and several of its members spoke during the November 1, 2022 public hearing, voicing concerns regarding environmental issues.  While the Board's attorney reiterated that environmental issues would be considered at the site plan review scheduled for December 6, 2022, the Board's attorney did not prevent members of the public from speaking during the subdivision hearing.

Moreover, Alliance's attorney had the opportunity to cross-examine Johnson's expert witnesses at the November 1 hearing and to present contrary

expert testimony. However, counsel for Alliance did not do so.[1] See Shakoor Supermarkets, Inc. v. Old Bridge Twp. Plan. Bd., 420 N.J. Super. 193, 205 (App. Div. 2011) ("[The plaintiff] did in fact have the opportunity to cross-examine all witnesses regarding the application."); Shim v. Washington Twp. Plan. Bd., 298 N.J. Super. 395, 413 (App. Div. 1997) (holding the plaintiffs were not deprived of their right to a full and fair hearing before the planning board because "[the] plaintiffs and their counsel expressed no interest in questioning the witnesses" and "the Board's failure to invite cross-examination was inconsequential").

Having reviewed the record, we concur with Judge Lougy's decision that the Board's approval of Johnson's subdivision application was not arbitrary, capricious, or unreasonable. There was sufficient credible evidence in the record supporting Judge Lougy's finding that the subdivision approval did not adversely affect the public's health, safety, or welfare. Further, we understand issues related to the Board's review of the site plan aspects of the Project are pending a separate appeal.

---

[1] On appeal, Alliance speculates the Board would have precluded cross-examination of Johnson's expert witnesses and barred countervailing expert testimony. Because Alliance never attempted to do either, there is nothing in the record supporting its contention.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

10